IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID ARNOLD, | ) | Civil Action No. 2:21-cv-1065 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| REX GLASS & MIRROR CO., INC. | ) | |
| and MICHAEL SCHMITZ | ) | FILED ELECTRONICALLY |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT IN CIVIL ACTION

AND NOW comes Plaintiff, David Arnold ("Plaintiff" or "Mr. Arnold"), by and through undersigned counsel, and files this Complaint in Civil Action, stating as follows:

### I.  PARTIES

1. Mr. Arnold is an adult individual residing in Allegheny County, Pennsylvania.

2. Defendant Rex Glass & Mirror Co., Inc. ("Defendant" or "Rex Glass") is a corporation with is primary place of business at 108 Kislow Drive, Pittsburgh, PA 15205.

3. Defendant Michael Schmitz ("Mr. Schmitz") is an individual with his primary place of business at 108 Kislow Drive, Pittsburgh, PA 15205.

### II.  JURISDICTION

4. The jurisdiction of this Court over the matters in this Complaint is founded upon 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

### III.  VENUE

5. The events related in this Complaint occurred in Allegheny County, Pennsylvania, in the Western District of Pennsylvania; therefore, venue is appropriate in this Court.

## IV. ADMINISTRATIVE EXHAUSTION

6. On November 15, 2020, Mr. Arnold filed with the U.S. Equal Employment Opportunity Commission ("EEOC") an administrative complaint, docketed at 533-2021-00274, against Rex Glass alleging discrimination on the basis of age, disability, and alleging retaliation and a hostile work environment.

7. The aforementioned complaint was cross-filed with the Pennsylvania Human Relations Commission ("PHRC").

8. On or about July 15, 2021, the EEOC issued a "Right to Sue Notice" with respect to the above referenced charge, thereby allowing him to bring his federal claims in court.

9. As soon as they are administratively exhausted Mr. Arnold will bring his claims under the Pennsylvania Human Relations Act in court.

## V. FACTS

10. Mr. Arnold began working at Rex Glass in February 1998.

11. Mr. Arnold worked at Rex Glass continuously until May 2020.

12. Mr. Arnold was hired in 1998 for the position of Sales & Marketing Manager in which he supervised the sales force, developed new pricing systems, secured new product vendors, designed new showroom displays, controlled marketing and advertising budgets, structured salary and commission programs and many other functions.

13. Mr. Arnold was always commended by ownership for doing a more than satisfactory job.

14. After experiencing a back injury, Mr. Arnold was out for six months in 2014 on disability leave; he was in contact with his office for three of those six months.

15. The injury gave rise to lasting conditions that affected Mr. Arnold's daily life functions.

16. Mr. Arnold was asked to start coming into the office when he started to feel better; he did so on a full-time basis from September to December while still being compensated through his disability insurance.

17. When he returned from medical leave related to his surgery, Mr. Arnold was beset with ageist and other hostile remarks, often asking about when he was going to retire or when he was going to leave.

18. Mr. Arnold had no desire to do either.

19. Up until 2017-2018, Mr. Arnold was a salaried employee along with a year-end performance bonus and a company vehicle.

20. Subsequently, Rex Glass began demoting Mr. Arnold by cutting his salary and making him train younger workers while still doing his basic sales job.

21. One younger worker whom Mr. Arnold was training to succeed him was a female in her thirties who was later let go.

22. Another younger worker who ultimately did succeed Mr. Arnold was John Kimicata ("Mr. Kimicata").

23. Mr. Kimicata was a commercial sales person who was trained by Mr. Arnold to better understand Rex Glass's retail operations.

24. During these years Mr. Arnold always was asked when he would leave, when he would retire, and was subjected to an ageist hostile work environment.

25. Decision-maker and manager Mr. Schmitz has referred to longer-serving employees

as "dinosaurs."

26. On May 8, 2020, in response to the Defendant's demand that he state that he had not been a victim of discrimination, Mr. Arnold crossed-out the word "age" reflecting that he had been subjected to and/or witnessed age discrimination.

27. Mr. Arnold was terminated less than two weeks later.

28. Mr. Arnold ultimately was given notice that he would be let go on or about May 16, 2020.

29. Upon Mr. Arnold's removal he was not compensated for commissions on $19,586 in sales.

30. For the year 2020, Mr. Arnold was asked to sign a Compensation Agreement that included two parts, of which the second part indicate that he would retire at the end of 2020.

31. As the year 2020 approached, Mr. Arnold was presented with several unsatisfactory compensation plans by Mr. Kimicata.

32. This was the first time Mr. Kimicata ever discussed retirement with Mr. Arnold; up to then the only Rex Glass employee to discuss retirement with Mr. Arnold was the company's owner, Don Rechtenwald.

33. Mr. Arnold rejected Mr. Kimicata's initial offer.

34. In response to Mr. Arnold's objection Mr. Kimicata made a hostile statement that "one of the plans was the same [or similar] as presented to [Mr. Kimicata by Mr. Arnold] some ten years ago. If it was good enough for [Mr. Kimicata then]…why isn't it good enough for you [now]?"

35. Mr. Kimicata then suggested that Mr. Arnold simply accept the offer and that at the end of 2020 the company would hold a "big party" with "balloons and everything" to celebrate Mr.

4

Arnold's retirement.

36. A subsequent plan was developed and under duress Mr. Arnold the signed the agreement.

37. The aforementioned agreement stated that Mr. Arnold would retire at the end of 2021 and that he was to train a new sales person.

38. In May of 2020, Mr. Arnold was called to a meeting at which time both Mr. Schmitz and Mr. Kimicata informed Mr. Arnold that "we are ending our agreement, it's over, and you're leaving."

39. Mr. Arnold was then offered six weeks of pay and told to retire.

40. Mr. Arnold always was a loyal and effective worker for Rex Glass; however he was subjected to an age and disability hostile work environment and ultimately let go due to discrimination and/or retaliation.

41. Similarly situated employees who were younger and/or were not disabled were treated more favorably than Mr. Arnold.

42. Similarly situated employees who were younger and/or were not disabled were not terminated while Mr. Arnold was.

43. Mr. Arnold was treated less favorably on account of his age and disability.

44. Mr. Arnold demands a jury trial.

## VI.  COUNTS

COUNT I: DISCRIMINATION ON THE BASIS OF AGE
Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 631 et seq.
Plaintiff David Arnold v. Defendant Rex Glass & Mirror

45. The preceding paragraphs are incorporated as if set forth at length herein.

46. Mr. Arnold is over forty years of age and, as such, is a member of the class protected by the Age Discrimination in Employment Act ("ADEA").

47. Mr. Arnold was qualified for his position as a sales manager at Rex Glass.

48. Mr. Arnold was subjected to an adverse employment action when his salary was cut and when he was asked to start training younger replacements.

49. Mr. Arnold was subjected to a further adverse employment action when he was terminated.

50. Significantly younger employees were retained over Mr. Arnold.

51. Significantly younger employees were not subjected to adverse actions similar to those experienced by Mr. Arnold.

52. Mr. Arnold was subjected to adverse employment action on account of his age.

53. Mr. Arnold seeks all remedies and damages permitted under the ADEA, including, but not limited to, back pay, front pay, emotional distress and reputation harm damages, reinstatement, attorneys' fees, costs, and pre-judgment and post-judgment interest.

COUNT II: RETALIATION
Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 631 et seq.
Plaintiff David Arnold v. Defendant Rex Glass & Mirror

54. The preceding paragraphs are incorporated as if set forth at length herein.

55. Mr. Arnold is over forty years of age and, as such, is a member of the class protected by the ADEA.

56. Mr. Arnold was qualified for his position as a sales manager at Rex Glass.

57. The ADEA prohibits employers from retaliating against employees who complain of discrimination on the basis of age and/or who object to ageist employment practices.

58. Mr. Arnold engaged in an act protected by the ADEA when he refused to certify, by crossing the word "age" off of the employer provided form, that he was not the victim of age discrimination.

59. As a consequence of his actions, in late April/early May 2020, Mr. Arnold was forced to train his replacements and he was ultimately terminated from this position.

60. The fact that Mr. Arnold was forced to train his replacements, and his termination all constitute adverse employment actions.

61. Mr. Arnold was subjected to adverse employment action because he refused to suffer age discrimination and to state to management that he was not the victim of age discrimination.

62. Mr. Arnold seeks all remedies and damages permitted under the ADEA, including, but not limited to, back pay, front pay, emotional distress and reputation harm damages, reinstatement, attorney's fees, costs, and pre-judgment and post-judgment interest.

COUNT III: HOSTILE WORK ENVIRONMENT
Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 631 et seq.
Plaintiff David Arnold v. Defendant Rex Glass & Mirror

63. The preceding paragraphs are incorporated as if set forth at length herein.

64. Mr. Arnold is over forty years of age and, as such, is a member of the class protected by the ADEA.

65. Mr. Arnold was qualified for his position as a sales manager at Rex Glass.

66. At Rex Glass, there was a pervasive atmosphere of ageist hostility; for instance, a leading Rex Glass executive referred to older employees as "dinosaurs."

67. Mr. Arnold was also subjected to an hostile work environment when he was subjected to constant questioning about when he was to planning on retiring.

68. Mr. Arnold was subjected to an adverse employment action when his salary was cut and when he was asked to start training younger replacements.

69. Mr. Arnold was subjected to a further adverse employment action when he was terminated.

70. The aforementioned adverse actions experienced by Mr. Arnold constitute retaliation and discrimination.

71. The aforementioned retaliation and discrimination experienced by Mr. Arnold was pervasive and regular.

72. The aforementioned retaliation and discrimination detrimentally affected Mr. Arnold.

73. The aforementioned retaliation and discrimination would have detrimentally affected a reasonable person in Mr. Arnold's position.

74. Mr. Arnold seeks all remedies and damages permitted under the ADEA, including, but not limited to, back pay, front pay, emotional distress and reputation harm damages, reinstatement, attorney's fees, costs, and pre-judgment and post-judgment interest.

COUNT IV: DISCRIMINATION ON THE BASIS OF DISABILITY
Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.
Plaintiff David Arnold v. Defendant Rex Glass & Mirror

75. The preceding paragraphs are incorporated as if set forth at length herein.

76. As a result of the lasting after-effects of back surgery, Mr. Arnold now suffers lingering conditions that effect daily life functions.

77. Mr. Arnold came to be perceived to be disabled by his colleagues and superiors at Rex Glass.

78. Mr. Arnold was qualified for his position as a sales manager at Rex Glass.

8

79. Mr. Arnold was subjected to an adverse employment action when his salary was cut and when he was asked to start training replacements.

80. Mr. Arnold was subjected to a further adverse employment action when he was terminated.

81. Employees who were not considered to be disabled were retained over Mr. Arnold.

82. Employees who were not considered to be disabled were not subjected to adverse actions similar to those experienced by Mr. Arnold.

83. Mr. Arnold was subjected to adverse employment action on account of his disability and/or perceived disability.

84. Mr. Arnold seeks all remedies and damages permitted under the Americans With Disabilities Act ("ADA"), including, but not limited to, back pay, front pay, emotional distress and reputation harm damages, reinstatement, attorney's fees, costs, and pre-judgment and post-judgment interest.

COUNT V: RETALIATION
Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.
Plaintiff David Arnold v. Defendant Rex Glass & Mirror

85. The preceding paragraphs are incorporated as if set forth at length herein.

86. As a result of the lasting after-effects of back surgery, Mr. Arnold now suffers lingering conditions that effect daily life functions.

87. As a result of this lingering after-effects and conditions, Mr. Arnold came to be perceived to be disabled by his colleagues and superiors at Rex Glass.

88. Mr. Arnold was qualified for his position as a sales manager at Rex Glass.

89. Mr. Arnold engaged in actions protected by the ADA when he requested, and took,

leave in order to treat his health problems.

90. Mr. Arnold was subjected to an adverse employment action when his salary was cut and when he was asked to start training replacements.

91. Mr. Arnold was subjected to a further adverse employment action when he was terminated.

92. The aforementioned adverse actions experienced by Mr. Arnold constitute retaliation for the fact that he had requested leave.

93. The aforementioned retaliation and discrimination experienced by Mr. Arnold was pervasive and regular.

94. The aforementioned retaliation and discrimination detrimentally affected Mr. Arnold.

95. The aforementioned retaliation and discrimination would have detrimentally affected a reasonable person in Mr. Arnold's position.

96. Mr. Arnold seeks all remedies and damages permitted under the ADA, including, but not limited to, back pay, front pay, emotional distress and reputation harm damages, reinstatement, attorney's fees, costs, and pre-judgment and post-judgment interest.

### COUNT VI: HOSTILE WORK ENVIRONMENT
Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.
Plaintiff David Arnold v. Defendant Rex Glass & Mirror

97. The preceding paragraphs are incorporated as if set forth at length herein.

98. As a result of the lasting after-effects of back surgery, Mr. Arnold now suffers lingering conditions that effect daily life functions.

99. As a result of this lingering after-effects and conditions, Mr. Arnold came to be perceived to be disabled by his colleagues and superiors at Rex Glass.

100. Mr. Arnold was qualified for his position as a sales manager at Rex Glass.

101. After he returned from back surgery, Mr. Arnold was subjected to a hostile work environment in that he was subject to constant innuendo suggesting that he was now unable to do his job.

102. Mr. Arnold was subjected to an adverse employment action when his salary was cut and when he was asked to start training replacements.

103. Mr. Arnold was subjected to a further adverse employment action when he was terminated.

104. The aforementioned adverse actions experienced by Mr. Arnold constitute retaliation and discrimination.

105. The aforementioned retaliation and discrimination experienced by Mr. Arnold was pervasive and regular.

106. The aforementioned retaliation and discrimination detrimentally affected Mr. Arnold.

107. The aforementioned retaliation and discrimination would have detrimentally affected a reasonable person in Mr. Arnold's position.

108. Mr. Arnold seeks all remedies and damages permitted under the ADA, including, but not limited to, back pay, front pay, emotional distress and reputation harm damages, reinstatement, attorney's fees, costs, and pre-judgment and post-judgment interest.

**COUNT VII: RETALIATION FOR EXERCISE OF RIGHTS PROTECTED BY THE FAMILY AND MEDICAL LEAVE ACT**
Violation of 29 U.S.C. § 2601 et seq.
Plaintiff David Arnold v. Defendants Rex Glass & Window and Michael Schmitz

109. The preceding paragraphs are incorporated as if set forth at length herein.

110. An employer may not interfere with, restrain, or deny any rights secured by the Family and Medical Leave Act ("FMLA").

111. Because he has the authority to hire, fire, or discipline employees on behalf of Rex Glass, Mr. Schmitz is an employer subject to the FMLA.

112. Because it employed fifty or more individuals for twenty or more calendar work weeks during the preceding calendar year, Rex Glass is an employer subject to liability under the FMLA.

113. To state a claim for retaliation under the FMLA, a plaintiff must demonstrate that 1) he is protected under the FMLA, 2) he suffered an adverse employment action, and 3) the adverse action was causally related to his exercise of protected rights.

114. As an employee of Rex Glass, an entity that has employed fifty or more employees during twenty calendar work weeks of the preceding year, Mr. Arnold was an employee subject to the terms of the FMLA.

115. Mr. Arnold was subjected to an adverse employment action when his salary was cut and when he was asked to start training replacements.

116. Mr. Arnold was subjected to a further adverse employment action when he was terminated.

117. Mr. Arnold engaged in activities protected by the FMLA when he took time off for back surgery.

118. Mr. Arnold was subjected to adverse employment action–which includes, but is not limited to, his termination–on account of the fact that he took leave for back surgery.

119. Mr. Arnold seeks all remedies and damages available under the FMLA, including

but not limited to, backpay, reinstatement, liquidated damages, front pay, out of pocket costs, reasonable costs and attorneys' fees, pre and post-judgment interest.

## COUNT VIII: ACTION FOR UNPAID WAGES
Violation of 43 P.S. 260.1 et seq.
Plaintiff David Arnold v. Defendant Rex Glass & Window

120.  The preceding paragraphs are incorporated as if set forth at length herein.

121.  In order to state a claim for violation of the Pennsylvania Wage Payment and Collection Law, a plaintiff must have been employed by the defendant during the relevant time period, he was entitled to unpaid wages, and the defendant failed to timely and unconditionally pay his wages.

122.  Mr. Arnold was employed by Rex Glass during the relevant period.

123.  As an employee of Rex Glass Mr. Arnold was entitled to unpaid wages.

124.  In 2019, Mr. Arnold consummated $19,586.00 in sales for which he was not compensated.

125.  Rex Glass failed to compensate Mr. Arnold for the $19,586.00 in sales that he consummated.

126.  Rex Glass failed also to compensate Mr. Arnold for any unused vacation time.

127.  The aforementioned failures on the part of Rex Glass constitute a failure to timely and unconditionally pay Mr. Arnold his wages.

128.  The failure of Rex Glass to unconditionally pay Mr. Arnold's wages represents a violation of the Pennsylvania Wage Collection Law, 42 P.S. § 2601 et seq.

129.  Mr. Arnold seeks all damages available to him under the Pennsylvania Wage Payment and Collection Law, including actual damages, liquidated damages equal to 25% of his unpaid

wages, relevant costs, and attorneys' fees.

## COUNT IX: PROMISSORY ESTOPPEL
### Violation of Pennsylvania Common Law
### Plaintiff David Arnold v. Defendant Rex Glass & Window

130. The preceding paragraphs are incorporated as if set forth at length herein.

131. In order to state a claim for unjust enrichment under Pennsylvania law, a plaintiff must establish that a benefit was conferred upon the defendant due to the plaintiff's actions, that the defendant retained that benefit, and that it would be inequitable for the defendant to retain that benefit without paying its value.

132. Mr. Arnold conferred a benefit upon Rex Glass by working there and foregoing any vacation.

133. Rex Glass retained the aforementioned benefit by not paying Mr. Arnold for all of the time he worked there; this retained pay includes any unpaid commissions and vacation days.

134. It would be inequitable for Rex Glass to continue to retain the aforementioned benefit without fully compensating Mr. Arnold.

135. The continued non-payment of Mr. Arnold's complete wages is inequitable.

136. Mr. Arnold seeks all damages available to him under Pennsylvania law for promissory estoppel.

Respectfully submitted,

LIEBER HAMMER HUBER &
PAUL, P.C.


s/James B. Lieber
James B. Lieber
Pa. I.D. No. 21748
Thomas M. Huber
Pa. I.D. No. 83053
Jacob M. Simon
Pa. I.D. No. 202610
1722 Murray Avenue, 2nd Floor
Pittsburgh, PA 15217
(412) 687-2231 (telephone)
(412) 687-3140 (fax)